## The Bank of Louisville *vs.* Ellery & Gibbons.

In an action by a banking corporation, as indorsee of a bill of exchange, the defendant cannot insist, at the trial, that it is incumbent on the plaintiff to prove its authority to purchase drafts of that character.

The defendant should move for a dismissal of the complaint on that ground.

Drawees who accept a bill of exchange or draft, after it is received by the holders, for a full and valuable consideration, are liable as acceptors; and cannot avoid their liability on the ground that the bill or draft was not actually accepted by them, at the time it was transferred to the holders.

It will be intended, in such a case, that the drawees authorized the drawer to draw the bill on them, before the holders discounted it, and that the holders advanced their money on the faith of such authority. *Per* Leonard, J.

The action of the drawer, in making the draft, will be held ratified by the drawees, by their act of acceptance.

APPEAL from a judgment of the special term, entered upon the report of a referee. The action was brought by the plaintiff as indorsee, against the defendants as acceptor, of a bill of exchange. The complaint alleged that the plaintiff was a banking corporation, duly incorporated and existing under and by virtue of the laws of the state of Kentucky, and having full power and authority to do and transact the acts and matter hereinafter set forth. That the defendants were partners in trade, doing business in the city of New York, under the firm name of Ellery & Gibbons. That on or about the 22d day of September, 1859, the Exchange Bank of W. E. Culver, at Louisville, Kentucky, drew a certain draft or bill of exchange in writing, of that date, upon the said firm of Ellery & Gibbons, in the city of New York, whereby, fifty-five days after date, they required the said drawees to pay to the order of James Guthrie five thousand dollars. That the said payee thereupon indorsed the said draft, which was thereafter, and before maturity, for a good and valuable consideration, transferred and delivered to the plaintiff, by whom it is still held and owned. That the said draft was duly presented to the defendants, and was by them accepted in writing, payable at their office in the city of New York. That on the 19th day of November, 1857, the said

The Bank of Louisville *v.* Ellery.

draft became payable, and was duly presented at the office of the defendants in the city of New York, and payment thereof demanded, which was refused ; whereupon the draft was duly protested by a notary public. That the said draft still remains wholly due and owing from the defendants to the plaintiff, together with the interest thereon from the 19th day of November, 1857, and seventy-five cents protest fee. For which sum of five thousand dollars ($5000) and interest from November 19th, 1859, and seventy-five cents protest fee, besides costs, the plaintiff demanded judgment.

The answer of the defendants contained a general denial of the matter stated in the complaint; and for a further and separate defense, the defendants alleged that the draft or bill of exchange mentioned in the complaint was accepted by them, without funds in the hands of the drawer thereof to meet the same, and as an accommodation acceptance to the drawer ; that the drawer never, since said acceptance, nor has any party, put the defendants in funds to pay such acceptance ; nor have the defendants in any way received the consideration for the same. That the said acceptance was drawn at the city of Louisville, Ky., by Wm. E. Culver, and was there indorsed by James Guthrie, and by them, or one of them, negotiated to the plaintiff, on the credit of said drawer and indorser solely, and before the same had been sent to New York, or accepted by the defendants. And that the plaintiff did not become owner or holder of said bill of exchange for any consideration or value after the same was accepted by the defendants ; and that as to the defendants the plaintiff was not holder of said bill for value ; and as against the defendants, the plaintiff was not entitled to recover upon said bill of exchange ; also, that the plaintiff received said bill on account of a precedent debt of the drawer or indorser, or paid or accounted for to one of them the proceeds of said bill, if discounted ; such receipt of the bill and such discount, if it was discounted, being before the same was

accepted by the defendants.    Wherefore the defendants de-
manded that the complaint be dismissed, with costs.

The referee found, as a fact, that the bill of exchange men-
tioned in the complaint was duly signed and indorsed as
in the complaint stated; and was transferred, in due course
of business, to the plaintiff in this action, who received the
same in good faith and on payment by it of a full and valu-
able consideration, and that the same was shortly thereafter,
to wit, September 29th, 1857, and before it became due, ac-
cepted by the defendants; that the amount of principal and
interest due on the said bill of exchange, at the date of the
report, was five thousand five hundred and eighteen dollars
and ninety-four cents, ($5518.94.)    The conclusion of law
of the referee on these facts was that the defendants, as ac-
ceptors of said bill of exchange on which no payment had
been made, were bound to pay the said sum of principal and
interest so found due; for which amount, with costs, judg-
ment was ordered.    The defendants excepted to said report,
as to the findings of fact by the referee.    They also excepted
to said report, because the referee had not found the follow-
ing facts:    1. That as to the defendants the bill was not
transferred in due course of business to the plaintiff, be-
cause said defendant did not accept the bill until after the
transfer to the plaintiff.    2. That as to the defendants' lia-
bility on said bill the plaintiff was not holder for value, in-
asmuch as the same had not been accepted when the plaintiff
received it.    3. That there was no proof of the authority of
the plaintiff to purchase or discount the draft in question.
The defendants also excepted to the conclusions of law of the
referee, and whereby he decided that the defendants were
bound to pay the amount of said bill to the plaintiff.    They
further excepted to said report as follows:

1st. Because the referee did not find that said bill of ex-
change, so far as the defendants are concerned, was and is
an accommodation acceptance, for which the defendants had
received no consideration, and that the plaintiff parted with

no consideration on the credit of the names or acceptance of the defendants. 2d. Because the said referee did not find that the defendants were not liable to the plaintiff on said bill, for want of a sufficient consideration to charge them. 3d. Because the referee did not find that the acceptance of the defendants on said bill was a special undertaking to pay the debt of another without consideration, either expressed or received. 4th. Because said referee did not by said report decide as conclusion of law that the defendants were entitled to judgment in their favor, that the plaintiffs' complaint be dismissed with costs.

The defendants appealed to the general term.

*E. L. Fancher*, for the appellants. I. The answer denies the averment of the complaint as to the authority of the plaintiff; it was therefore incumbent on the plaintiff to prove its authority to *purchase* drafts of this character. (1.) Banks are *private* corporations, whose powers are limited by their charters, and such a corporation must find its authority in the law of its creation. (*Angell & Ames on Corp.* § 111. *The People* v. *Manhattan Company*, 9 *Wend.* 383. *Beatty* v. *Lessee of Knowles*, 4 *Peters' Rep.* 152. *Jansen* v. *Ostrander*, 1 *Cowen*, 686. *Utica Insurance Company* v. *Scott*, 19 *John.* 1.) (2.) It may well be that the plaintiff was not authorized to purchase a *foreign* bill of exchange, and that is the character of the draft in question. (*Edw. on Bills*, 49. *Buckner* v. *Finley*, 2 *Pet. U. S. Rep.* 586. *Wells* v. *Whitehead,* 15 *Wend.* 527. *Halliday* v. *McDougall*, 20 *id.* 81.)

II. The liability of the drawer and indorser became fixed, when the bill was sold by them to the plaintiff, and there was a consideration as to them. But the subsequent acceptance by the defendants, if treated as an original promise, was void for want of consideration. A past or executed consideration is not a sufficient foundation for a valid promise or contract. (*Union Bank* v. *Coster's Ex'rs*, 3 *Comst.* 211.

*Livingston* v. *Rogers*, 1 *Caines*, 584. *Comstock* v. *Smith*, 7 *John*. 87. *Hicks* v. *Burhans*, 10 *id*. 243.) And parties to a note, equally with parties to other contracts, are affected by want of consideration. (2 *Kent's Com*. 464, 584. *Heath* v. *Sansom*, 2 *Barn. & Adol*. 729.) The plaintiff is not a holder for value, as to the defendants; the purchase of the bill having occurred before the acceptance. (*Farm. and Mech. Bank* v. *The Empire Stone Dressing Company*, 10 *Abbott*, 58.)

III. It may be shown, by parol, that the contract is collateral. (*Johnson* v. *Gilbert*, 4 *Hill*, 178. *Brown* v. *Curtiss*, 2 *Comst*. 233.) The defendants, by accepting *after* the sale of the bill by the maker and indorser, made, simply, a special or collateral promise to pay their debt; and, no consideration being expressed, it was void, under the statute of frauds. (3 *R. S.* 221, *5th ed. sub*. 2.)

*Foster & Thomson*, for the plaintiff.

CLERKE, P. J. The first point taken on the appeal, by the counsel of the defendants, was not presented in due time, at the trial. He should have moved for a dismissal of the complaint on this ground, and thus have given the plaintiff an opportunity to supply the defect. Besides, it is not denied that the plaintiffs are a banking corporation; and the referee finds that the draft was transferred to them in due course of business, and was received by them in good faith, and in payment of a full and valuable consideration. The referee also finds that the same was shortly afterwards, and before it became due, accepted by the defendants. So that the only question remaining, is whether persons who accept a bill of exchange or draft after it is received by the holders, for a full and valuable consideration, are not liable, on the ground that it was not actually accepted by them at the time it was transferred to the holders. But although it was not

The Bank of Louisville *v.* Ellery.

actually accepted by them at the time of the transfer, it was addressed to them. This address formed an essential and constituent part of the bill; the plaintiffs in receiving it had every reason to presume that the defendants had authorized the drawer to draw upon them; and their subsequent acceptance fully justified this presumption. The consideration of the acceptance, then, should not be deemed a past or executed one; but the acceptance should be deemed to relate back to the transfer of the draft to the plaintiffs, who may fairly be considered as receiving it on the faith of the defendants' credit, as well as upon that of the other parties to the instrument.

Many bills of exchange and drafts are discounted before they are transmitted for acceptance by the parties to whom they are addressed; and it would be opposed alike to the interests of commerce and the dictates of justice to hold that they are not liable after the action of the drawer in making the draft is ratified by the act of acceptance.

The judgment should be affirmed with costs.

LEONARD, J. It must be intended that the defendants authorized W. E. Culver to draw this bill of exchange on them, before the plaintiffs discounted it, and that the plaintiffs advanced their money on the faith of such authority. The acceptance of the bill by the defendants authorizes the intendment. (*Commercial Bank of Lake Erie* v. *Norton*, 1 *Hill*, 508, 509.)

The judgment should be affirmed.

BARNARD, J. concurred.

Judgment affirmed.

[N. Y. GENERAL TERM, September 16, 1861. *Clerke, Leonard* and *Barnard*, Justices.]