By the Court.—Monell, Ch. J.
The evidence was uncontradicted that the plaintiffs discounted the bill of exchange for the drawer in the regular and usual way, that it was subsequently accepted by the defendants without qualification, and that it had not been paid.
This left no question for the jury; and if upon the undisputed facts the plaintiff can recover, then the verdict must be upheld.
The plaintiffs were undoubtedly the bona fide owners of the bill. An accommodation acceptor of such a bill becomes liable to the holder, even though the holder knew the acceptance was without consideration (Story on Bills, §§ 191, 253).
The time of the acceptance is not material, and may as well be after as before it passes to the holder (Mechanics’ Bank v. Livingston, 33 Barb. 459, 465, which was a case in all respect like the one before us. And see Bank of Louisville v. Ellery, 34 Barb. 630, and Commercial Bank v. Norton, 1 Hill, 501, 508).
The circumstance that the bill had not been accepted when it was discounted by the plaintiffs, rendered it proper, if nob actually necessary, for them to show that they had paid value for it; and having shown that, it constituted them bona fide holders, and shut out any defense of want of consideration between the drawer and acceptors. Hence the evidence to prove the manner of the plaintiffs becoming the holders of the bill, objected to by the defendant, was properly allowed to be given. Until acceptance, the legal reli *446 anee of the plaintiffs was upon the drawer. But hav- „ ing paid value for the bill, the subsequent acceptance by the drawees, whether voluntary and for the accommodation of the drawer, or otherwise, enured.to the plaintiffs, and constituted it a legal liability of the defendants.
For these reasons the evidence offered by the defendants was wholly immaterial, and was properly excluded. That the acceptance was without consideration, and for the accommodation of the drawer of the bill, constituted no defense to an action by these plaintiffs, even though it had been shown that they had discounted the bill with knowledge of those facts. They had become bona fide holders, and that was enough to exclude the defense.
The direction to the jury was correct, and the judgment entered upon their verdict should be affirmed.
Freedman, and Sedgwick, JJ., concurred.